UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kelle Perry,

    Plaintiff,

    v.

Resthaven,

    a Michigan nonprofit corporation,

    Defendant.

Case No.
Hon.

Law Offices Jeffrey S. Burg, Esq.
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
29551 Greenfield, Suite 101
Southfield, MI   48076
(248) 227-5027
Fax 248-856-1258
Jburg@comcast.net

**COMPLAINT AND JURY DEMAND**

Plaintiff Kelle Perry ("Plaintiff" or "Perry") complains against Defendant as follows:

1. This is a race and gender discrimination in employment action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq and 42 USC 2000e(5)(E)(3) (Title VII), and the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq.

2. In this action, Perry seeks equitable relief and legal damages to enforce her rights under Title VII and ELCRA to be free from discrimination in employment on the basis of race and gender.

## JURISDICTION, VENUE & PARTIES

2. Plaintiff resides in the county of Montcalm, Michigan.

3. Defendant Resthaven is an adult care center which operates its business in the Western District of Michigan, where it employed Plaintiff.

4. This Court has subject matter jurisdiction over Plaintiff's Title VII claims pursuant to 28 USC 1331 because the claims arise under federal law.

5. This Court has supplemental jurisdiction over Plaintiff's ELCRA claims because these state law claims arise out of the same set of facts as Plaintiff's federal Title VII claims, such that all claims form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in the Western District of Michigan and the events giving rise to this action occurred in the Western District of Michigan.

7. Venue is proper in the Western District of Michigan, Southern Division, because the events giving rise to the action occurred in this district and division.

## STATEMENT OF FACTS

8. Plaintiff is female, is African-American, and began her employment with Defendant in May, 2023 as a licensed practical nurse.

9. In July and August, 2023, a male certified nursing assistant (CNA) made several statements and physical acts of a sexual nature towards Plaintiff.

10. The CNA's sexual statements and acts were unwelcome to Plaintiff.

11. Plaintiff reported the sexual harassment to the company immediately.

12. Plaintiff heard nothing from Defendant for a substantial amount of time after her complaints of sexual harassment.

13. Also in July and August, 2023, Plaintiff observed and heard co-workers, supervisors and human resource personnel utter the "N-word" in the workplace. Each time Plaintiff heard the "N-wsord" spoken, she complained aloud to those who said it, and then to Defendant's management.

14. Defendant did not take prompt or adequate remedial measures of any kind to stop the hostile environment of racial slurs in its workplace.

15. Plaintiff's colleagues, both of co-equal and subordinate status, were majority Caucasian in race.

16. Plaintiff heard her Caucasian colleagues frequently complain of Plaintiff's alleged conduct on the job, with the great majority of the complaints being falsely asserted.

17. Because of her Caucasian colleagues' false complaints, Plaintiff received a disciplinary action.

18. When Plaintiff complained to human resources about the discipline, the HR agent told Plaintiff, "they [Plaintiff's co-workers] don't like black people."

19. Plaintiff therefore found Defendant's employment environment to be rife with hostility, overt and covert, towards Plaintiff's race, gender and her assertions of complaints about her civil rights.

20. In January, 2024, Plaintiff found Defendant's hostile employment environment to be intolerable, such that Plaintiff could not continue working and was forced to resign her employment.

21. Plaintiff filed a charge of discrimination with the EEOC and received a right-to-sue letter dated July 24, 2024.  Plaintiff brings this action within 90 days of the receipt of the EEOC's Dismissal and Notice of Rights.

## COUNT I

**(Title VII Sexual Harassment Claim)**

22. Plaintiff repeats and realleges all paragraphs set forth above as though fully stated herein.

23. To the extent the employment actions identified in paragraphs 9-12 created a hostile environment based upon sex, Defendant has engaged in unlawful employment discrimination in violation of Title VII, 42 USC 2000e et seq.

24. As a direct and proximate result of Defendant's wrongful acts and omissions based on Plaintiff's sex and/or gender, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## COUNT II
### (ELCRA Sexual Harassment Claim)

25. Plaintiff repeats and realleges all paragraphs set forth above as though fully stated herein.

26. To the extent the employment actions identified in paragraphs 9-12 created a hostile environment based upon sex, Defendant has engaged in unlawful employment discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

27. As a direct and proximate result of Defendant's wrongful acts and omissions based on Plaintiff's sex and/or gender, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical

and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## COUNT III

**(Title VII Race Discrimination)**

28. Plaintiff repeats all preceding allegations as though fully set forth herein.

29. To the extent Defendant was motivated to conduct the adverse employment actions identified in paragraphs 13-18 on the basis of race, Defendant has engaged in unlawful employment discrimination in violation of Title VII, 42 USC 2000e et seq.

30. As a direct and proximate result of Defendant's wrongful acts and omissions based on Plaintiff's race and gender, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## COUNT IV

**(ELCRA Race Discrimination)**

31. Plaintiff repeats all preceding allegations as though fully set forth herein.

32. To the extent Defendant was motivated to conduct the adverse employment actions identified in paragraphs 13-18 on the basis of race, Defendant has

6

engaged in unlawful employment discrimination in violation of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

33. As a direct and proximate result of Defendant's wrongful acts and omissions based on Plaintiff's race and gender, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## COUNT V

### (TITLE VII - Retaliation)

34. Plaintiff repeats all preceding allegations as though fully set forth herein.

35. Defendant was motivated to conduct the adverse employment actions identified in paragraphs 9-18 because of Plaintiff complaining of race harassment and discrimination, and thus Defendant has engaged in unlawful employment discrimination in violation of Title VII, 42 USC 2000e et seq.

36. As a direct and proximate result of Defendant's wrongful acts and omissions in retaliation for Plaintiff's complaints of discrimination, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## COUNT VI

## (ELCRA - Retaliation)

37. Plaintiff repeats all preceding allegations as though fully set forth herein.

38. Defendant was motivated to conduct the adverse employment actions identified in paragraphs 9-18 because of Plaintiff complaining of race harassment and discrimination, and thus Defendant has engaged in unlawful employment discrimination in violation of MCL 37.1201 et seq.

39. As a direct and proximate result of Defendant's wrongful acts and omissions in retaliation for Plaintiff's complaints of discrimination, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation, and Plaintiff seeks damages as set forth in the prayer for relief below.

## REQUEST FOR RELIEF

Plaintiff requests the following relief from the court:

a. An Order from the court ordering Plaintiff reinstated to her former position or another position for which she is qualified to perform;

b. An Order of the court awarding Plaintiff compensation for her economic losses stemming from a loss of wages, benefits and other economic consequences of discharge;

c. An Order of the court awarding Plaintiff non-economic damages in the nature of outrage, humiliation, loss of reputation, mental anguish and emotional distress;

d. An Order awarding Plaintiff punitive damages for the willful violation of her federally protected civil rights;

e. An Order awarding Plaintiff her costs of litigation, attorney fees and interest on any judgment she secures against the Company.

f. An Order of the Court Awarding Plaintiff such other relief that she is found to be entitled to.

Respectfully submitted,

**LAW OFFICES OF JEFFREY S. BURG**

/s/ *Jeffrey S. Burg*
Law Offices Jeffrey S. Burg, PLC.
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
29551 Greenfield, Suite 101
Southfield, MI   48076
(248) 227-5027
Fax 248-856-1258
Dated: October 22, 2024            Jburg@comcast.net

## JURY DEMAND

Plaintiff demands a trial by jury for all claims.

                          Respectfully submitted,

                          **LAW OFFICES OF JEFFREY S. BURG, PLC**

                          <u>/s/ *Jeffrey S. Burg*</u>
                          Law Offices Jeffrey S. Burg, PLC
                          Jeffrey S. Burg (P38381)
                          Attorney for Plaintiff
                          29551 Greenfield, Suite 101
                          Southfield, MI   48076
                          (248) 227-5027
                          Fax 248-856-1258
Dated: October 22, 2024          Jburg@comcast.net